# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ELLA MAE HOWARD, Administratrix of the    )
Estate of Valeria Whetsall, deceased, o/b/o the    )
Estate of Valeria Whetsall and o/b/o the wrongful    )
death heirs, ET AL.,    )
          Plaintiffs,    )
              )
   vs.    )        Civil Action No. 06-200
              )
RAMON C. RUSTIN, individually and in his    )
official capacity as Warden of the Allegheny    )
County Jail, ET AL.,    )
          Defendants.    )

## MEMORANDUM ORDER

This matter is before the Court on (1) Plaintiffs' Motion to Compel Party to Answer Question at Deposition Upon Oral Examination [DE 68] ("First motion to compel"), filed by Plaintiff Ella Mae Howard, Administratrix of the Estate of Valeria Whetsall, deceased, and Edward and Dianne Sartori, consol Plaintiffs (collectively, "Plaintiffs") on July 30, 2007, and (2) Plaintiffs' Motion to Compel [DE 71] ("Second motion to compel"), filed by the Plaintiffs on August 13, 2007.

*1.*    *First motion to compel*

As to the former motion, the Plaintiffs request an order compelling the following: (1) an answer to a question posed to Ms. Joan Stack, a former nurse at the Allegheny County Jail, during her deposition on June 6, 2007, and (2) the production of healthcare treatment policies and procedures. Based on the parties representation at the September 19, 2007 telephonic conference, the parties have reached an agreement as to the latter, and thus the Court only addresses the merits of the former.

In the motion, the Plaintiffs request an order from the Court requiring Ms. Stack to answer the following question, in various forms: "During the time period you were on duty on the 20th did you see any patients, inmates refused treatment?"   (Docket No. 68, Ex. A, 52:23-24 (Stack Deposition)).   At the deposition, counsel for Defendants Allegheny Correctional Health Services, Bruce Dixon, and Dana Philips (hereinafter collectively, "ACHS Defendants") objected, citing relevancy and the Health Insurance Portability and Accountability Act ("HIPAA"), Pub.L. 104-191, 110 Stat.1936, arguing that HIPAA prevents health care providers from disclosing "individually identifiable health information" when "there is a reasonable basis to believe that the information can be used to identify the individual." 45 C.F.R. § 160.103 (as defined by the Secretary of Health and Human Services).[1]   In their response to the first motion to compel, filed on August 7, 2007, the ACHS Defendants reiterated these objections.[2]   On August 14, 2007, the Court held a motion hearing, at which it heard argument and the parties' reiterated their positions.   At the conclusion of the August 14, 2007 hearing, the Court took the motion under advisement.

As a threshold matter, the Court finds that the information sought via the disputed question

---

[1]

HIPAA defines "individually identifiable health information," a subset of "health information", as any information collected from an individual that:

> (A) is created or received by a health care provider, health plan, employer, or health care clearinghouse; and
> (B) relates to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual, and-
> (I) identifies the individual; or
> (ii) with respect to which there is a reasonable basis to believe that the information can be used to identify the individual.

45 C.F.R. § 160.103 (as defined by the Secretary of Health and Human Services).  Here, because the requested information does not call for an answer that, *per se*, identifies an individual, the Defendants rely on subpart (ii).

[2]

Defendants Ramon C. Rustin, Allegheny County, Dan Onorato, John Doe, and James Doe (collectively hereinafter, "County Defendants") did not file a response.

to Ms. Stack, i.e., the refusal of treatment by other inmates, is plainly information which could potentially lead to admissible and relevant evidence in the instant case, which centers on the medical treatment of two specific inmates, namely the Plaintiffs.[3]

In their respective briefs, the parties apparently contend that this dispute regarding the question posed to Ms. Stack hinges on whether her answer may provide a "reasonable basis to believe that the information can be used to identify the individual[s]", i.e., the inmates who refused treatment on the day in question.  If so, the Defendants contend, the information qualifies as protected health information and HIPAA applies.

However, notwithstanding HIPAA's protection of "individually identifiable health information," within the context of judicial proceedings, HIPAA provides for the disclosure of medical information under the following circumstances:

> (1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:
> (I) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; or
> (ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:
> (A) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or
> (B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the

---

[3]

While this information is relevant and thus discoverable under Federal Rule of Civil Procedure 26(b), the Court expresses no opinion as to the admissibility of said evidence under the Federal Rules of Evidence.

> information that reasonable efforts have been made by such party to
> secure a qualified protective order that meets the requirements of
> paragraph (e)(1)(v) of this section.

45 C.F.R. § 164.512(e)(1)(I)-(ii).  In other words, "a health care provider may disclose medical

information without violating HIPAA if served with (1) a court order authorizing the disclosure of

such information or, alternatively, (2) a formal discovery request accompanied by certain required

assurances and notices."  *Harris v. Whittington*, No. 06-1179-WEB, 2007 WL 164031, at *3 (D.

Kan. Jan. 19, 2007).  Here, the Plaintiffs filed their motion to compel under section (e)(1)(I).

        While the Court declines to hold whether the disputed question calls for an answer that

constitutes "individually identifiable health information", nevertheless, as noted above, HIPAA

allows for the disclosure of "protected health information in the course of any judicial or

administrative proceeding ... [i]n response to an order of a court ... *provided that the covered entity*

*discloses only the protected health information expressly authorized by such order*."  45 C.F.R. §

164.512(e)(1)(I) (emphasis added); *see* 45 C.F.R. § 164.512 ("A covered entity may use or disclose

protected health information without the written authorization of the individual ... in the situations

covered by this section, subject to the applicable requirements of this section"); *see also Barnes v.*

*Glennon*, No. 9:05-CV-0153 (LEK/RFT), 2006 WL 2811821, at *5 n.6 (N.D.N.Y. Sept. 28, 2006)

("HIPAA unequivocally permits health care providers and other covered entities to disclose

protected health information without the consent of the patient in the context of judicial

proceedings") (citing 45 C.F.R. § 164.512(e)); *Beard v. City of Chicago*,  No. 03 C 3527, 2005 WL

66074, at *3 (N.D. Ill. Jan. 10., 2005) (providing that "the regulations specifically authorize

disclosure of the protected health information by a covered entity in response to a court order, so

long as the entity discloses only the protected health information expressly authorized by such

order") (citing 45 C.F.R. § 164.512(e)(1)(I)); *National Abortion Federation v. Ashcroft*, 2004 WL

292079, at *3 (N.D. Ill. 2004) ("...HIPAA's regulations clearly allow a hospital to disclose patient

medical records, when ordered in judicial proceedings, subject to the above limitations", referring

to section 164.512(e)(1)(v)).[4]  The disputed question seeks information that strikes at the heart of this

cause of action, i.e., the medical treatment of inmates at Allegheny County Jail.  Accordingly, the

Court overrules the ACHS Defendants' objection and orders Ms. Stack to answer the following

question:  "During the time period you were on duty on the 20th did you see any patients, inmates

refused treatment?"  (Docket No. 68, Ex. A, 52:23-24 (Stack Deposition)).  In addition, Ms. Stack

may answer subsequent, general questions regarding the refusal of treatment, such as how many

inmates refused treatment.  However, Ms. Stack may not provide any identifying information (such

as a name) about any inmate who refused treatment or disclose any information not expressly

authorized by this Memorandum Order.  *See* 45 C.F.R. § 164.512(e)(1)(I).

Furthermore, in keeping with the spirit and purpose of HIPAA, the Court orders that the

above information is subject to a qualified protective order, which: (1) prohibits the parties from

using or disclosing the protected health information for any purpose other than the instant litigation

for which such information was requested; *and* (2) to the extent that it applies here, requires the

return to the covered entity or destruction of the protected health information (including all copies

made) at the end of the litigation or proceeding.  *See* 45 C.F.R. § 164.512(e)(v).[5]

---

[4]

The Court notes that Defendant Allegheny Correctional Health Services has not argued, in its briefs or at any hearing, that it is not a "covered entity" as defined by HIPAA.

[5]

The Court notes that the regulations do not appear to require a protective order when disclosure is made pursuant to court order under section 164.512(e)(1)(I) as opposed to disclosure pursuant to a subpoena or discovery request under section 164.512(e)(1)(ii), which expressly requires a protective order.  *See* 45 C.F.R. § 164.512(e)(1)(i)-(ii).  Nevertheless, "[e]ven if not required by HIPAA, use of a protective order in conjunction with a court order advances

2.   *Second motion to compel*

As to the latter motion, the Plaintiffs request an order from the Court compelling all of the Defendants to respond to their Second Request for Production of Documents, served on June 28, 2007, which they served as a result of Defendants' alleged failure to properly answer their First Set of Interrogatories and Requests for Production of Documents, previously served on February 19, 2007. The Plaintiffs allege that all of the Defendants have failed to respond to their second request.

On August 14, 2007, the ACHS Defendants filed their Response to Plaintiffs' second motion to compel. As to the February 19, 2007 discovery requests, they asserted that Defendant Phillips has conferred with Plaintiffs and resolved the issue and Defendants ACHS and Dixon and would respond within fourteen (14) days. As to the June 28, 2007, the ACHS Defendants asserted that "all relevant, discoverable, non-privileged documents can be produced to Plaintiffs within 14 days", (Docket No. 73, at 3), pending the execution of an informal confidentiality agreement between respective counsel. The ACHS Defendants then explained the remaining objections, specifically to document requests 2-5, 10, and 12.

At the August 14, 2007 motion hearing, at which the Court also heard argument as to the second motion to compel, the ACHS Defendants represented that they would supplement their responses to the February 19, 2007 First Set of Interrogatories and Requests for Production of Documents within two (2) weeks, i.e., by August 28, 2007. The Court ordered that the Plaintiffs submit to the Court as well as to all of the Defendants copies of the discovery requests at issue in the second motion to compel as well as all of the Defendants' responses thereto, if any. In addition, the

---

the 'strong federal policy in favor of protecting the privacy of patient medical records.' " *E.E.O.C. v. Boston Market Corp.*, 2004 WL 3327264, at *4 (E.D.N.Y. Dec. 16, 2004) (quoting *Law v. Zuckerman*, 307 F.Supp.2d 705, 711 (D. Md. 2004)).

Court ordered that the Plaintiffs attach a cover letter detailing the alleged deficiencies as to the respective responses with copy to all counsel of record, and upon receipt of same, all Defendants shall file a response within seven (7) days.

After the hearing and approximately at the close of business on August 14, 2007, the Plaintiffs served via hand delivery to the Court a cover letter and the discovery requests, as ordered by the Court that afternoon.  The cover letter indicated that the Plaintiffs also served counsel for all of the Defendants, but without the enclosures.

On August 24, 2007, as ordered by the Court, the County Defendants filed their Response to Motion to Compel, in which they assert that while they received a cover letter from the Plaintiffs, they had not yet received the copies of the documents and that the Plaintiffs' correspondence "is unclear and lacking in detail of all alleged deficiencies as directed to do so by this Honorable Court." (Docket No. 75, at 2).

At the September 19, 2007 telephonic conference, the Plaintiffs represented that on August 30, 2007, they delivered copies of the discovery requests at issue in the second motion to compel to all of the Defendants.  Further, as to all other remaining discovery requests, counsel for all of the Defendants represented that they believe all have been answered and they would confirm same, particularly as to Defendant Phillips.

Accordingly, based on the parties representations at the September 19, 2007 telephonic conference, the Court denies as moot Plaintiffs' second motion to compel.

3.    *Conclusion*

Accordingly, based on the foregoing, the Court orders the following:

(1) Plaintiffs' Motion to Compel Party to Answer Question at Deposition Upon Oral

Examination [DE 68] is granted in part and denied in part.  The Court grants the motion to the extent that the Plaintiffs seek an order compelling Ms. Stack to respond to questions regarding the refusal of treatment and orders Ms. Stack to answer the disputed question in compliance with this Memorandum Order.  The Court denies as moot the motion to the extent that the Plaintiffs seek an order compelling the production of  healthcare treatment policies and procedures.

(2) Plaintiffs' Motion to Compel [DE 71] is denied as moot without prejudice and with leave to re-file if necessary.

Finally, the Court reminds the parties and counsel of their duty to confer in good faith and to expedite the process of discovery under the Federal Rules of Civil Procedure, *see* Fed.R.Civ.P. 37, as well as to efficiently move ahead with this case by virtue of the Civil Justice Reform Act of 1990.

<u>s/ Nora Barry Fischer</u>
Nora Barry Fischer
United States District Judge

Dated:  September 24, 2007

cc/ecf:  All counsel of record.