IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELLA MAE HOWARD, Administratrix of the Estate of Valeria Whetsall, deceased, o/b/o the Estate of Valeria Whetsall and o/b/o the wrongful death heirs, ET AL., <br>     Plaintiffs, <br><br> vs. <br><br> RAMON C. RUSTIN, individually and in his official capacity as Warden of the Allegheny County Jail, ET AL., <br>     Defendants. | Civil Action No. 06-00200 <br> Judge Nora Barry Fischer |

**<u>MEMORANDUM ORDER</u>**

This matter is before the Court on a Motion to Compel Directed to Defendants Allegheny County Correctional Health Services, Inc., Bruce Dixon and Dana Phillips [91], filed by Plaintiffs Ella Mae Howard, Administratrix of the Estate of Valeria Whetsall, deceased, on behalf of the estate of Valeria Whetsell and on behalf of the wrongful death heirs, as well as Edward Sartori and Dianne Sartori (consol Plaintiffs) (collectively, "Plaintiffs") on April 18, 2008. Attached to their motion, Plaintiffs' Discovery Dispute Certificate lists the documents that they have allegedly not received from the Allegheny Health Defendants. On April 28, 2008, Defendants Allegheny County Correctional Health Services, Inc., Bruce Dixon and Dana Phillips ("Allegheny Health Defendants") filed their Reply to Motion to Compel Discovery (Docket No. 108).

Attached to their motion, Plaintiffs' Discovery Dispute Certificate lists the documents that they have allegedly not received from the Allegheny Health Defendants.[1] (Docket No. 92). In a

---

[1] In support of their motion, Plaintiffs assert that the Allegheny Health Defendants have failed to comply with the Court's September 24, 2008 Order. (Docket No. 91 at ¶10). However in that Order, considering the parties' representations made at the August 14, 2007 motion hearing as well as the September 19, 2007 telephonic status conference, the Court denied as moot (without prejudice

counter Discovery Dispute Certificate, the Allegheny Health Defendants address each document request, in turn. (Docket No. 108-2). The Court will do the same here.

As to document requests numbered 1 (correspondence between the Defendants, their insurers, agents, adjusters, and attorney "relating to this claim or cause of action in any way whatsoever") and 2 (a copy of the insurance claims file and/or risk management file with regard to the incident upon which the Plaintiffs' Complaint is based), the Court finds while said requests lack specificity and appear unnecessarily duplicative (i.e., should be combined into one request), Defendants have failed to establish the applicability of the work product privilege save its blanket assertion that it applies here.[2] *See McCrink v. Peoples Benefit Life Ins. Co.*, No. Civ.A.2:04CV01068LDD, 2004 WL 2743420, *1 (E.D. Pa. Nov. 29, 2004) (providing that the party asserting the work product doctrine and hence resisting discovery bears the burden to establish its application) (citation omitted). Hence, Plaintiffs may revise said request to include reasonable limitations as to the scope of the request and serve the same upon the Allegheny Health Defendants on or before May 9, 2008 and said Defendants shall respond on or before May 23, 2008.[3] The Court opines that at least some responsive documents will fall outside of the protection of the work product privilege and will be discoverable. *See Lyvan D.D.S. v. Harleysville Ins. Co. et al.*, No. CIV. A. 93-6145, 1994 WL 533907, at *3 (E.D. Pa. Sept.

---

and with leave to re-file) Plaintiffs' Motion to Compel. (*See* Docket No. 77).

[2] The Court notes that any objection to a document request based on privilege should have been made and explained initially in response to said discovery requests.

[3] Further, without the benefit of the responsive documents or any briefing as to the law, the Court is unable to make a determination as to the potential application of the work product doctrine. However, to the extent that the parties cannot resolve their discovery dispute as to the document requests numbered 1 and 2, the Court may order the Allegheny Health Defendants to submit responsive documents to the Court for an *in camera* review.

29, 1994) ("An insurance company cannot reasonably argue that the entirety of its claims files are accumulated in anticipation of litigation when it has a duty to investigate, evaluate and make a decision with respect to claims made on it by its insureds"); *see also* Fed.R.Civ.P. 26 advisory committee notes (1970 Amendments) (discussing favorably the disclosure of insurance policies in discovery).

As to document requests numbered 3 (contractual agreements, including contract between Dr. Dixon and Allegheny County, contract between Allegheny Correctional Health Services and area hospitals, and initial contract between Correctional Health Solutions, Inc. and Mercy Hospital of Pittsburgh), 5 (minutes of "Infectious Disease Control CQI Committee"),[4] 6 (Allegheny County Health Department's Guidance Documents on MRSA and related illnesses),[5] 12 (accreditation documents performed by the National Commission on Correctional Health Care), 22 (documents related to training, seminars, and handbooks regarding diagnosis of staph infections and/or MRSA), and 25 ("Extended Practitioner's Protocol"),[6] based on the Allegheny Health Defendants' representation that they will respond to the same, Plaintiffs' motion to compel is moot. The Allegheny Health Defendants shall respond to said requests on or before May 23, 2008.

As to document request numbered 7 (statistics on all deaths at the Allegheny County Jail

---

[4] The Allegheny Health Defendants clarify that no such committee exists, but the Warden of the Allegheny County Jail keeps said minutes, and they will nevertheless provide the same.

[5] The Allegheny Health Defendants indicate that only one document is responsive to said request.

[6] The Allegheny Health Defendants indicate that they will produce the same pursuant to the current confidentiality order in this case.

3

dating back three years), the Court agrees with the Allegheny Health Defendants' that said request is overbroad insofar as the instant matter only concerns two deaths caused by MRSA and/or staph infections and Plaintiffs' request would garner responsive documents regarding inmate deaths as a result of causes wholly irrelevant to the instant matter. Thus, Plaintiffs may revise said request to include reasonable limitations as to the scope of the request and serve the same upon the Allegheny Health Defendants on or before May 9, 2008 and they shall respond on or before May 23, 2008.[7]

As to document requests numbered 8 (infection control protocol and infectious disease policies of the Allegheny Health Department, Allegheny County Correctional Health Services, and the Allegheny County Jail infirmary, particularly as to staph infections, mold or mildew), 17 (treatment protocol for a situation in which an inmate is diagnosed and/or displays symptoms of a staph infection and/or MRSA), and 24 (MRSA protocol), the Allegheny Health Defendants respond that they have previously provided documents responsive to said requests to Plaintiffs. Plaintiffs shall confirm (in writing submitted to the Allegheny Health Defendants) on or before May 9, 2008, whether they have been provided all documents responsive to said requests. Thereafter, to the extent that the Allegheny Health Defendants have not yet responded to said requests, including document request 8 regarding protocols and policies related to mold and mildew, they shall do so by May 23, 2008.

As to document request numbered 9 (Administrative Directive #86 of the Allegheny County

---

[7] As to document request 4, Plaintiffs request statistics on MRSA and MRSA-related illnesses kept by Allegheny County Health Department. While the Court opines that the responses to document request 4 are duplicative of document request 7 insofar as the latter will (most likely) recover documents responsive to the former, the Court nevertheless agrees with the Allegheny Health Defendants that a document request seeking statistics of the Allegheny County Health Department is best served upon it.

Jail), the Allegheny County Defendants assert that the same was made an exhibit to the deposition of Warden Ramon Rustin and thus Plaintiffs have access to it. Thus, Plaintiffs' request is moot.

As to document requests numbered 10 (inspection reports of the Allegheny County Jail, Allegheny County Jail Infirmary performed by Dr. Bruce Dixon, the Allegheny County Health Department, the Allegheny County Health Services' employees, and the Pennsylvania Board of Health), 11 (Dr. Dixon's air quality study at the Allegheny County Jail), 28 (2005 monthly health care audits performed by Michael Patterson, Sr., M.D.), 29 (health care audits performed prior to 2005), and 30 (documents related to requests by Dr. Patterson for influenza vaccine funding), considering the Allegheny Health Defendants' representation that they have no responsive documents to the same, they shall provide an affidavit/declaration reciting the same and indicating with particularity their good faith attempts to retrieve and discover any responsive documents. The Allegheny Health Defendants shall serve said affidavit/declaration upon Plaintiffs on or before May 9, 2008.

As to document request numbered 13 (minutes of quarterly meetings of Medical Administration Committee of the Allegheny County Jail), the Court finds that the lack of temporal limitations renders said request overbroad and unduly burdensome. Accordingly, Plaintiffs may revise said request to include a reasonable temporal parameter and serve the same upon the Allegheny Defendants on or before May 9, 2008 and they shall respond on or before May 23, 2008.

As to document requests numbered 14 (names and addresses of medical directors, officials, physicians, nurses, etc. employed at Allegheny County Jail infirmary on specific dates in March of 2005) and 15 (names and addresses of all employees of Allegheny Correctional Health Services

5

within one year preceding and following the deaths of Plaintiffs' decedents),[8] in the interests of the privacy, security, and safety of said individuals, the Court orders that the parties shall agree upon and execute a confidentiality agreement related to said request on or before May 9, 2008 and the Allegheny Health Defendants shall subsequently respond to said request on or before May 23, 2008.

As to document requests numbered 16 (any and all documents, information and/or records relative to the prior diagnosis of staph infections and/or MRSA in either inmates or any employees, volunteers, agents, and/or servants of the Allegheny County Jail system), 21 (any and all prescription records regarding dosages of antibiotics used in the treatment of staph infections and/or MRSA prescribed in the six months before the deaths of Plaintiffs' decedents) and 31 (any and all records of hospitalizations of inmates related to MRSA), counsel for Allegheny Health Defendants object asserting that said requests seek medical records protected by HIPAA. The Court finds that while these requests seek information relevant to the instant matter, neither of the parties have properly briefed the potential impact of HIPAA (or related privacy rights) and thus, the Court is unable to make an informed decision. As such, the Court denies without prejudice Plaintiffs' motion to the extent it seeks to compel responses to document requests numbered 16, 21, and 31. However, Plaintiffs may re-file a motion along with case law as to the potential impact of HIPAA and other privacy concerns, if they so wish, and the Defendants may respond to same.[9]

---

[8] The Allegheny Health Defendants also object to said request as "being unlimited in time and scope and not a request which will lead to discoverable evidence." (Docket No. 108-2 at ¶15). However, because document request 15 contains express limitations as time (one year before and one year following Plaintiffs' decedents' deaths) as well as scope (only employees of Defendant Allegheny Correctional Health Services), said objection is overruled.

[9] As this information is plainly relevant to Plaintiffs' claims, the Court *strongly* encourages the parties to reach agreement in the form of a protective order or confidentiality agreement as to the

As to document request numbered 18 ("[a]ny and all electronically stored information, documents, reports, logs and/or memorandums contained in any and all of the electronic databases and/or computer systems of Allegheny County Jail, Allegheny Correctional Health Services, Inc., Bruce Dixon, and Dana Phillips"), the Court finds that said request is overbroad, unreasonably cumulative, and unduly burdensome. For example, on its face, Plaintiffs seek all electronically stored information of the Allegheny County Jail and the Allegheny Correctional Health Services, which would produce thousands of irrelevant documents and impose an expensive burden not only on the Allegheny Health Defendants but ultimately on Plaintiffs. While Plaintiffs may certainly discover electronically stored information, said request imposes no limits (time or otherwise) on the same. Thus, Plaintiffs may revise said request to include reasonable limitations including but not limited time and scope and serve the same upon the Allegheny Health Defendants on or before May 9, 2008 and they shall respond on or before May 23, 2008.

As to document requests numbered 19 ("Morbidity Report" and all documents referring, relating or corresponding to the same) and 20 (copies of "Mortality Reviews"), the Court finds that Plaintiffs' requests are vague and overbroad. A fair reading of Plaintiffs' requests seeks *all* morbidity reports and mortality reviews from Allegheny County Jail, which may encompass thousands of documents wholly irrelevant to the instant matter.[10] Accordingly, Plaintiffs may revise said requests to include reasonable limitations as to time and scope and serve the same upon the

discovery of this information.

[10] In response to a broad discovery request for electronic discovery (such as the one at issue here) and to the extent that the sources of requested information are not reasonably accessible, a cost-sharing agreement between the parties may be appropriate. *See* Fed.R.Civ.P. 26 advisory committee notes (2006 Amendments).

Allegheny Defendants on or before May 9, 2008 and they shall respond on or before May 23, 2008. Along the same lines, as to document request numbered 27 (a file of all inmates who have died at Allegheny County Jail as kept by Allegheny Correctional Health Services), the Court finds that Plaintiffs' request is overbroad and unduly duplicative of document requests numbered 19 and 20.

As to document request numbered 23 (personnel files of Bud Dickum, Joan Stack, Sharon Klivenworth, and Cindy Collins), the Allegheny Health Defendants respond that said information is not relevant and would not lead to discoverable evidence. Considering the broad standard as to the scope of discovery, the Court disagrees. As nurses employed by the Allegheny Correctional Health Services and in a case regarding the deaths of two inmates while incarcerated, said information is relevant to Plaintiffs' claims and may lead to the discovery of admissible evidence, even if the personnel files themselves are inadmissible, as argued by the Allegheny Health Defendants. Accordingly, the Allegheny Health Defendants shall respond to said request on or before May 23, 2008.[11]

As to document request numbered 26 (in-service schedules), the Court agrees with counsel for the Allegheny Health Defendants' objection that said request (as it currently reads) is overbroad and unduly burdensome. However, Plaintiffs may revise said request to include reasonable limitations as to time and scope of "in-service schedules" and serve the same upon the Allegheny Defendants on or before May 9, 2008 and they shall respond on or before May 23, 2008.

Accordingly, the Court GRANTS in part and DENIES in part Plaintiffs' Motion to Compel Directed to Defendants Allegheny County Correctional Health Services, Inc., Bruce Dixon and Dana

---

[11] To the extent the Allegheny Health Defendants assert that production of said personnel files would violate privacy rights, they may seek a protective order or a confidentiality agreement.

Phillips [91] and the parties shall proceed in accordance with the foregoing.

<u>*s/ Nora Barry Fischer*</u>
Nora Barry Fischer
United States District Judge

Dated: May 2, 2008

cc: All counsel of record.